**UNITED STATES of America,
Appellee,**

v.

**Arthur James WYATT, Appellant.**

**No. 74–2017.**

United States Court of Appeals,
Fourth Circuit.

Submitted Aug. 20, 1975.

Decided Sept. 11, 1975.

H. W. C. Furman, Camden, S. C., on brief for appellant.

Mark W. Buyck, Jr., U. S. Atty., and Thomas P. Simpson, Asst. U. S. Atty., on brief for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

A jury convicted Arthur James Wyatt of three counts of receiving stolen prop-

---

**9.** *Cf. Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

**68**

erty transported in interstate commerce in violation of 18 U.S.C. § 2315 and one count of interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312.

■ The defendant appeals on the ground that the Government was tardy in providing him with discoverable material. In September 1973 the United States agreed to supply Wyatt with a copy of a statement that he made to F.B.I. agents. It was furnished to him in October 1973. During the trial the Government also provided Wyatt with F.B.I. reports concerning interviews with him one day before the agents testified about the interviews. The reports themselves were not introduced into evidence. On January 31, 1974 the Government furnished him with transcripts of conversations obtained by wiretap. The trial began on February 4th, and the conversations were not introduced or offered into evidence. Finally, the Government showed him a metal truck-identification plate during the course of the trial on February 5, 1974, but a government investigator did not find the plate until he conducted a last-minute search on February 3rd. Wyatt does not claim that any material was wholly withheld from him, but only asserts that the Government was slow in providing him with some of it. He, however, mentions no possible prejudice to the preparation of his case from any delay. We find no reversible error from any delay.

■ Additionally, the defendant claims that the Government did not show sufficient connection with interstate commerce to sustain the convictions under 18 U.S.C. § 2315. The goods were stolen in South Carolina, transported to Georgia, and returned to Wyatt's store in South Carolina. The defendant's only argument is that since the trip to Georgia was unnecessary, the connection to interstate commerce was not established. We find no merit in that contention.

Accordingly, the judgment of the district court is affirmed.

*Affirmed.*